UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DANIEL J. DEMERS, also known as )<br>DAN J. DEMERS, TOWN OF )<br>BARRINGTON, STATE OF NEW )<br>HAMPSHIRE, and CANDACE M. BOYD, )<br>)<br>Defendants. ) | Case No. 1:12-cv-92<br><br>Magistrate Judge Landya B. McCafferty |

**ORDER OF SALE**

This matter having come before the Court upon the *Assented to Motion for Order of Sale by Plaintiff United States of America*, and the Court being fully apprised of the matter, and pursuant to 26 U.S.C. §§ 7402(a) and 7403(b), the Court grants the United States' motion and orders the following:

1. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS") is authorized to offer for public sale and to sell the property commonly known as 12 Hansonville Road, Lot 5, Barrington, New Hampshire ("Subject Property"), and more fully described as:

> A certain tract or parcel of land, together with the buildings and improvements now or hereafter located thereon, situate on the southerly side of Hansonville Road, Barrington, Strafford County, State of New Hampshire, and shown as Lot #5 on a Plan entitled "Subdivision of Masse Land for Patten Corporation" drawn by Henry and Berlind Associates, Inc., dated January 3, 1987, and recorded at the Strafford County Registry of Deeds as Plan No. 30A-60. Said Lot #5 is more particularly bounded and described as follows:
>
> Beginning at a pin set on the southerly sideline of said

Hansonville road, at the common corner of Lots #4 and #5, as shown on said Plan; thence running along Lot #4 South 53° 19' 53" East a distance of 680.11 feet to a pin set on the boundary of Lot #3 at the common corner of Lots #4 and #5; thence turning and running along Lot #3 North 52° 08' 52" East a distance of 250.00 feet to a pin set on the bounty of Lot #6 at the common corner of Lots #3 and #5; thence turning and running along said Lot #6 North 41° 35' 34" West a distance of 775.32 feet to a pin set on the southerly sideline of said Road at the common corner of Lots #5 and #6; thence turning and running along the southerly sideline of said Road the following three courses and distances: generally southwesterly along a curve to the left having a radius of 1399.39 feet a distance of 22.02 feet; thence running South 38° 02' 08" West a distance of 191.83 feet; thence running generally southwesterly along a curve to the left having a radius of 785.51 feet a distance of 186.14 feet to the point of beginning. Said Lot #5 contains 5.403 acres, more or less, according to said Plan.

The second course given in the description herein corrects an apparent scrivener's error recited on the Plan as North 52° 08' 52" <u>West</u> to the correct course of North 52° 08' 52" <u>East</u>.

MEANING AND INTENDING hereby to describe and convey a portion of the premises conveyed to Patten Corporation Northeast by Charles N. Masse and Virginia Anne Point by warranty deed dated February 13, 1987 and recorded at the Strafford County Registry of Deeds at Book 1291, Page 639.

Subject to the following covenants and restrictions, as shown on said Plan, which are hereby deemed to run with the land:

   a. No further subdivision of lots.

   b. For single family residences only.

   c. No mobile homes permitted.

2. The terms and conditions of the sale are as follows:

   a. The sale of the Subject Property shall be free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including the plaintiff

2

United States and the defendants Daniel J. Demers, also known as Dan J. Demers, Town of Barrington, State of New Hampshire, and Candace M. Boyd.

    b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Subject Property, and easements, restrictions, and reservations of record, if any.

    c. The sale shall be held either at the courthouse of the county or city in which the Subject Property is located or on the Subject Property's premises.

    d. The PALS shall announce the date and time for sale.

    e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Strafford County, New Hampshire, and, at the discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall contain a description of the Subject Property and shall contain the terms and conditions of sale set forth in this order of sale.

    f. The Subject Property shall be offered for sale "as is," with all faults and without any warranties either express or implied, and the sale shall be made without any right of redemption.

    g. The PALS shall set and may adjust the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and adjust the minimum bid.

h. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by cash or by money order, certified check, or cashier's check drawn payable to the Clerk of the United States District Court for the District of New Hampshire, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by the PALS in the published Notice of Sale. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale. The United States may bid as a creditor against its judgment without any tender of cash or check.

i. The successful bidder(s) shall pay the balance of the purchase price for the Subject Property within sixty (60) days following the date of the sale. The cash or money order, certified check, or cashier's check drawn payable to the United States District Court for the District of New Hampshire shall be given to PALS who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the sale shall be treated as null and void, and the deposit shall be forfeited as damages and applied to cover the expenses of the sale, with any amount remaining to be applied to the judgment for the federal tax liabilities entered in this case. The Clerk shall distribute the deposit as directed by the PALS by check drawn payable to the "United States Treasury." The Subject Property shall be again offered for sale under the terms and conditions of

this order of sale or, in the alternative, sold to the second highest bidder. The successful bidder(s) at the new sale or second highest bidder, as the case may be, shall receive the Subject Property free and clear of all rights, titles, claims, liens, and interests of the defaulting bidder(s).

j. The Clerk of the District Court is directed to accept the deposits and proceeds of the sale and deposit them into the Court's registry for distribution as provided for herein or pursuant to further Order of this Court.

k. The sale of the Subject Property shall be subject to confirmation by this Court. On confirmation of the sale, ownership and possession of the Subject Property shall transfer to the successful bidder(s), and all interests in, liens against, and titles and claims to, the Subject Property that are held or asserted by the parties to this action are discharged and extinguished. When this Court confirms the sale, the Recording Official of Strafford County, New Hampshire shall cause the transfer of the Subject Property to be reflected upon that county's register of title.

l. After the confirmation of the sale, the IRS shall execute and deliver a deed under the authority of this Court conveying the Subject Property, effective as of the date of the confirmation of the sale, to the successful bidder(s). The successful bidder(s) shall pay, in addition to the amount of the bid, any documentary stamps and registry fees as provided by law.

m. All rights to rents of or from the Subject Property arising after the final judgment in this action and before the confirmation of the sale of the Subject

Property shall constitute proceeds of the Subject Property and such rents shall be turned over to, and paid to, the PALS for deposit and distribution in the same manner as the proceeds of the sale of the Subject Property. On confirmation of the sale of the Subject Property, all rights to product, offspring, rents, and profits of or from the Subject Property arising thereafter shall transfer to the successful bidder(s) and all risks of losses associated with the Subject Property shall transfer to the successful bidder(s).

3. Until the sale of the Subject Property is confirmed, Daniel J. Demers, also known as Dan J. Demers, shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures and appurtenances on the Subject Property) in its current condition, and Daniel J. Demers and all occupants of the Subject Property shall neither commit waste against the Subject Property nor cause or permit anyone else to do so. The defendants shall neither do anything that tends to reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

4. All persons occupying the Subject Property shall vacate the Subject Property permanently within 30 days of the date of this order of sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the

Subject Property). If any person fails or refuses to vacate the Subject Property by the date specified in this order of sale, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected. Any personal property remaining on the Subject Property 30 days after the date of this order of sale is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the costs and expenses of sale and the balance to be paid into the Court for further distribution. Money orders and checks for the purchase of the personal property shall be drawn payable to the Clerk of the Clerk for the District of New Hampshire and the Clerk of the Court is directed to accept cash and checks and deposit such items into the Court's registry for distribution pursuant to further order of this Court.

    5. Until the confirmation of the sale of the Subject Property, the IRS, PALS, and their representatives are authorized to have free and full access to the Subject Property in order to take any and all actions necessary to preserve the Subject Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Subject Property.

    6. After the Court confirms the sale of the Subject Property, the sale proceeds deposited with the Clerk of this Court should be applied to the following items, in the order specified below:

> a. First, to the United States Treasury for the costs and expenses of the sale, including any costs and expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

      b. Second, to the Town of Barrington or other local taxing authority for real property taxes and other local assessments due and owing;

      c. Third, to the United States of America for application to the liability then outstanding in connection unpaid federal tax liabilities of Daniel J. Demers, including all accrued statutory penalties, additions, and interest, until fully paid;

      d. Any further remaining sale proceeds shall be distributed to Daniel J. Demers.

IT IS SO ORDERED:

          Landya B. McCafferty
          U.S. Magistrate Judge

Date: 2/8/2013